UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES M. BRUGGENSCHMIDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01948-JMS-TAB |
| | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT (IMPD), | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt. 2] is **granted** to the extent that he shall be permitted to pay the filing fee in seven installments of $50.00. The first such installment shall be paid no later **than January 15, 2014,** and each installment thereafter shall be paid on or before the 20th day of each subsequent month. Because the plaintiff was granted *in forma pauperis* status the full filing fee is $350.00.

**II.**

**A.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Bruggenschmidt are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue- or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

**B.**

Plaintiff James M. Bruggenschmidt filed this civil action against the Indianapolis Metropolitan Police Department ("IMPD"). Bruggenschmidt alleges that on two occasions his First Amendment rights were violated by Officer Jeremy Steward. According to the Complaint, Officer Steward ordered Bruggenschmidt to cease picketing in a public area. Other police officers showed no concern regarding Bruggenschmidt's activities. When Bruggenschmidt filed a complaint with IMPD regarding Officer Steward's conduct he received a response from Lt. David F. Robinson, Commander of the Internal Affairs section which allegedly states:

> The investigation into your complaint against Officer Jeremy Steward has been completed, and the resulting report has been reviewed and approved. Officer Steward was found to be in violation of IMPD policies regarding substandard performance and off-duty responsibilities.

**C.**

Bruggenschmidt's complaint is necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The IMPD is not a "person" subject to suit under § 1983. In Indiana, municipal police departments "are not suable entities." See *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, the **IMPD is dismissed**.

It may be assumed that the improper naming of the IMPD is the equivalent of suing the City of Indianapolis. *See Best v. City of Portland*, 554 F.3d 698, fn* (7th Cir. 2009). Nonetheless, any claim against the City of Indianapolis is dismissed. Although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ′ 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. The plaintiff has alleged no municipal policy or custom concerning any constitutional violations. To the contrary, the complaint asserts that Officer Steward's actions were in violation of IMPD policy. Thus, Bruggenschmidt has failed to state a claim upon which relief can be granted as to any municipal defendant.

For these reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**III.**

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall

have **through January 15, 2014,** in which to **file an amended complaint.** The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

  **IT IS SO ORDERED.**

Date: 12/12/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES M. BRUGGENSCHMIDT
610 WEST POPLAR STREET #1
ZIONSVILLE, IN 46077